THOMAS, J.,
for the Court.
¶ 1. Ja’Alexie Johnston appeals an order of the Circuit Court of Wayne County, Mississippi denying his petition for post-conviction relief. Aggrieved, Johnston perfected this appeal, raising the following issue as error:
I. THE LOWER COURT ERRED IN DENYING JOHNSTON’S MOTION FOR POST CONVICTION RELIEF CLAIMING THAT HIS PLEA WAS UNINFORMED AND THEREFORE INVOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.
Finding no error, we affirm.
FACTS
¶ 2. Ja’Alexie Johnston entered a plea of guilty to armed robbery in the Circuit Court of Wayne County on July 8, 1997. As a result of that plea, which was based on a plea bargain agreement reached between Johnston and the State of Mississippi, Johnston was sentenced to serve a term of twenty-two years in the custody of the Mississippi Department of Corrections. Johnston filed a motion to vacate sentence and plea or correct sentence. After conducting an evidentiary hearing on the matter, the lower court entered an order denying relief.
¶ 3. In his motion, Johnston claimed that he was denied effective assistance of counsel and that the ineffective assistance that he received led to an involuntary and unintelligent guilty plea. Johnston claims that his lawyer advised him that he would be eligible for parole after serving ten years and that he would not have pled guilty if he would have known that he would have to serve every day of the twenty-two year sentence. In an affidavit and at the evi-dentiary hearing, Johnston stated that he understood the first ten years to be mandatory and that he was being sentenced under 85% parole eligibility and that he was “up under the 85%.”
¶ 4. The lower court found that Johnston had to prove by a preponderance of the credible evidence that Johnston entered a plea of guilty only because he was given erroneous advice of counsel. After the initial ten years, the lower court found 85% of the remaining twelve years to be 10.2 years for a total of 20.2 years. The court found that it could not conclude that Johnston gave his plea involuntarily because Johnston did not prove that he would not have pled guilty if he would have known that he would have to serve twenty-two years instead of 20.2 years. The lower court did not believe that Johnston would have risked being sentenced on additional charges including two possible life sentences in order to avoid an additional 1.8 years.
ANALYSIS
I. DID THE LOWER COURT ERR IN DENYING JOHNSTON’S MOTION FOR POST CONVICTION RELIEF CLAIMING THAT HIS PLEA WAS UNINFORMED AND THEREFORE INVOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 5. The standard of review after an evidentiary hearing in postconviction relief cases is well settled: “We will not set aside such a finding unless it is clearly erroneous. Put otherwise, we will not vacate such a finding unless, although there is evidence to support it, we are on the entire evidence left with the definite and firm conviction that a mistake has been made.” Reynolds v. State, 521 So.2d 914, 917-18 (Miss.1988). “However, where questions of law are raised the applicable standard of review is de novo.” Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
*626 ¶ 6. In order to meet constitutional standards, a guilty plea must be freely and voluntarily entered. Henderson v. Morgan, 426 U.S. 637, 653, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). “The question whether a plea of guilty [is] a voluntary and knowing one necessarily involves issues of fact.” Banana v. State, 635 So.2d 851, 854 (Miss.1994). It is essential that the plea be made by the defendant after proper advice by counsel, and it must be made with the defendant’s full understanding of the consequences. Henderson, 426 U.S. at 653, 96 S.Ct. 2253. Notwithstanding, it is possible that the thoroughness of the interrogation performed by the circuit court at the time the plea was tendered may be the most important evidence to consider. Weatherspoon v. State, 736 So.2d 419, 421 (¶ 5) (Miss.Ct. App.1999).
¶ 7. Johnston claims that he was misinformed by counsel as to the consequences of a guilty plea, namely that he did not know that he would have to serve a mandatory twenty-two year sentence. Exactly how he was misled is unclear. The lower court found that Johnston’s claim that he believed that he would be eligible for parole after serving ten years was not credible and that 85% of the remaining twelve years would be 20.2 years. The difference between twenty-two years and 20.2 years was insignificant if it was the promise that induced Johnston to enter a guilty plea. In exchange for the guilty plea, charges of armed robbery, attempted armed robbery, and a felon in possession of a deadly weapon were dismissed. Johnston could have received two life sentences under these charges.
¶ 8. In his petition to enter plea of guilty, Johnston wrote in his own handwriting the sentence to be recommended by the district attorney. This included “twenty-two years to serve on count I— armed robbery — in the custody of the Mississippi Department of Corrections. No mention was made of eligibility for parole or 85%. Similarly, in the guilty plea proceedings, Johnston answered questions regarding the sentence recommended by the State. Johnston stated under oath that he understood the sentence to be twenty-two years plus three years for a probation revocation which was to be served consecutively. The court also questioned Johnston’s attorney to determine if he understood the agreement fully. At no time did Johnston raise a question to the amount of time to be served or state in any manner that he did not understand the consequences of his actions. The court stated, “You got a twenty-five years, twenty-two plus 3, twenty-five year prison sentence.” Johnston replied, ‘Tes sir, I’ll go through with it.”
¶ 9. The burden of proving that a guilty plea is involuntary is on the defendant and must be proven by preponderance of the evidence. House v. State, 754 So.2d 1147, 1152 (¶ 25) (Miss.1999). The lower court determined at the evidentiary hearing that Johnston failed to meet this burden. He consistently stated that he knew the consequences of his actions and that he understood the length of his sentence. We hold that the lower court did not err in its determination.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.