873 So.2d 120 (2004)
Corey SUTTON, Appellant
v.
STATE of Mississippi, Appellee.
Nos. 2002-CA-01041-COA to 2002-CA-01043-COA.
Court of Appeals of Mississippi.
February 10, 2004.
Rehearing Denied April 27, 2004.
*121 Gary Keith Silberman, Jackson, for Appellant.
Office of the Attorney General by John R. Henry, for Appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
KING, P.J., for the Court.
¶ 1. Corey Sutton has appealed from an order denying post-conviction collateral relief entered by the Hinds County Circuit Court First Judicial District. On September 2, 1997, Sutton pled guilty to three counts of armed robbery. He was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections, with thirteen years suspended, and seven years to serve on each of the three counts. These sentences were to run concurrently. On appeal, Sutton raises the following issues:
I. Whether his guilty pleas were voluntary.
II. Whether he received effective assistance of counsel.
¶ 2. Sutton's issues in the appeal of each of his convictions are identical. Therefore, we have consolidated the cases.

FACTS
¶ 3. On January 23, 1997, Sutton was arrested and charged with armed robbery. At the time of his arrest, he was sixteen years old.
¶ 4. In April 1997, Sutton was indicted for armed robbery. In June 1997, he was indicted on two additional counts of armed robbery.
¶ 5. On September 2, 1997, a plea hearing was conducted where Sutton, represented by counsel, pled guilty to each count of armed robbery. At the hearing, the trial judge questioned Sutton to determine whether his pleas of guilty were knowingly and voluntarily made.
¶ 6. The trial judge asked Sutton whether he had an opportunity to fully discuss with his attorney the facts and circumstances surrounding the offenses. Sutton indicated that he had discussed such facts regarding the offenses which would be necessary to his defense. Upon inquiry by the court, Sutton stated that he had not been threatened nor coerced into pleading guilty, and that his attorney had discussed the elements of the crimes charged with him. Sutton indicated that there had been no promises made to him in exchange for pleas of guilty. He stated that he was freely and voluntarily admitting that he was guilty of the crimes charged.
¶ 7. The trial judge advised Sutton of his right to a trial by jury and the right to testify or not testify in his own behalf as he chose. The trial judge advised Sutton of his right to confront and cross-examine witnesses against him and his right to subpoena witnesses to testify in his behalf. The trial judge informed Sutton that guilty pleas would waive these rights. Sutton acknowledged that a plea of guilty would waive these rights.
*122 ¶ 8. The trial judge questioned Sutton regarding his attorney's services. Sutton stated that he was satisfied with his attorney's representation in each case. The trial judge then asked Sutton if he had any questions concerning the charges pending against him which had not been answered either by his attorney or the district attorney's office. Sutton indicated that he had no questions. The trial judge informed Sutton that the trial court would not be bound by a plea bargain agreement and that the court could impose a sentence up to but not including life expectancy on each offense, and could cause the sentences to run consecutively. Sutton stated that he understood this.
¶ 9. Based upon Sutton's responses to the court's questions, the trial judge determined that Sutton's pleas of guilty had been freely and voluntarily entered.
¶ 10. The State recommended that Sutton be sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections, with thirteen years suspended, seven to serve, and upon release, five years of supervised probation. The court accepted the recommendations of the State and allowed those sentences to run concurrently with credit given for time served.
¶ 11. On September 5, 2000, Sutton filed a petition for post-conviction collateral relief alleging that his pleas were not knowingly and voluntarily made. On January 31, 2001, his petition was dismissed as not being filed within the statutory limits set out in Mississippi Code Annotated Section 99-39-5(2) (Rev.2000). On February 9, 2001, Sutton filed a motion to vacate judgment indicating that the due date for his petition for post-conviction collateral relief fell on a Saturday and that the following Monday was Labor Day, a legal holiday, and that the first day the court would be open was September 5, 2000, which is when he filed his petition. On February 27, 2001, his motion was granted.
¶ 12. On September 13, 2001, the trial court conducted an evidentiary hearing on Sutton's claims for post-conviction collateral relief. At this hearing, Sutton claimed that his attorney had misadvised him regarding parole eligibility. According to Sutton, his attorney told him that he would serve eighty-five percent of the seven years and be eligible for parole based on "good time" or "earned time." Sutton indicated that had he known that this information was incorrect, he would not have pled guilty.
¶ 13. Sutton's mother testified and provided information regarding the attorney's discussion with Sutton as well.

ISSUES AND ANALYSIS

I.

Whether his guilty pleas were voluntary.
¶ 14. Sutton argues that he was given erroneous information regarding parole eligibility and that such misinformation resulted in his pleas being involuntary. He also alleges that he did not receive information concerning the consequences of his pleas which would likewise render them involuntary.
¶ 15. The issues of voluntariness and informed consent are addressed by Rule 8.04(A)(3) and (4) of the Uniform Circuit and County Court Rules which states:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper *123 inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
4. Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
a. That the accused is competent to understand the nature of the charge;
b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/ her if (s)he is indigent.
Pursuant to this rule Sutton's pleas may only be considered as having been voluntarily made if he was properly advised by counsel and had a full understanding of the consequences of his actions. Johnston v. State, 810 So.2d 624(¶ 6) (Miss.Ct.App. 2002).
¶ 16. In an effort to ascertain that Sutton had been properly advised and fully understood the consequences of his actions, the trial court questioned Sutton under oath as relates to those items set forth in Rule 8.04(A)(4). Sutton responded (1) that he had fully discussed the case with his attorney including the elements of the offense and any possible defenses, (2) that he was satisfied with the services rendered by his attorney, (3) that he understood the specific rights available to him and that a guilty plea waived those rights, and (4) that he had committed the charged offense.
¶ 17. Based upon Sutton's sworn testimony, the court determined that Sutton's guilty pleas were knowingly and voluntarily entered. In a request for postconviction relief, a trial court is entitled to place great weight on the testimony given at a plea hearing. Templeton v. State, 725 So.2d 764(¶ 10) (Miss.1998). An individual requesting post-conviction relief who desires that either the trial court or this Court reject that sworn testimony carries a heavy burden of persuasion. Baker v. State, 358 So.2d 401, 403 (Miss.1978). In meeting that burden of persuasion, Section 99-39-9 of the Mississippi Code Annotated, requires that the movant for post-conviction relief include with his filing an affidavit setting forth those facts and proof of facts within the scope of his personal knowledge as well as those beyond his personal knowledge. Sutton offered an affidavit of mere conclusions. Both Sutton and his mother testified that he was misinformed about parole eligibility. However, each of them differs as to what was allegedly said to Sutton. "Experience teaches all courts a healthy skepticism toward recanted testimony." Turner v. State, 771 So.2d 973(¶ 10) (Miss.Ct.App.2000). This is particularly true when a movant for post-conviction relief now seeks to contradict testimony given during his plea hearing. Under these circumstances, this Court finds no error in the denial of postconviction relief.

II.

Whether he received effective assistance of counsel.
¶ 18. In his second issue, Sutton claims that he received ineffective assistance of counsel in that his attorney gave him misinformation regarding the length *124 of time he would have to serve. As noted in the prior discussion, Sutton's affidavit offered no evidence but consisted merely of conclusory statements. While Sutton is correct under White v. State, 751 So.2d 481(¶ 6) (Miss.Ct.App.1999), that "mistaken advice of counsel may also vitiate a guilty plea in some cases." This includes mistaken advice regarding parole eligibility since the Mississippi Supreme Court also acknowledged that parole eligibility is a consequence of which attorneys should advise their clients in order to enter a voluntary plea. Id. at (¶ 7).
¶ 19. However, to maintain a claim of ineffective assistance of counsel, a petitioner must show (1) a deficiency of counsel's performance (2) sufficient to constitute prejudice to the defense. Walker v. State, 703 So.2d 266(¶ 8) (Miss.1997). Sutton does not question his guilt, nor does he suggest any impairment to any defense which might have been available to him. Under these circumstances, we decline to hold that Sutton received ineffective assistance of counsel.
¶ 20. THE JUDGMENT OF THE FIRST JUDICIAL DISTRICT OF THE HINDS COUNTY CIRCUIT COURT DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.