999 So.2d 383 (2008)
Clarence Mario KEITH, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01070-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Rehearing Denied October 21, 2008.
Certiorari Denied January 22, 2009.
*385 Clarence Mario Keith, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court:
¶ 1. Clarence Mario Keith filed a motion for post-conviction relief in the Circuit Court of the First Judicial District of Hinds County following his guilty pleas for armed robbery and manslaughter. Finding that the record did not support Keith's claims of error, the trial court dismissed Keith's motion. Aggrieved by the trial court's holding, Keith now appeals and claims: (1) that the trial court erred in entertaining his motion and ultimately denying it; (2) that his pleas were not intelligently and voluntarily given; (3) that he received ineffective assistance of counsel; and (4) that the cumulative error necessitates reversal. Finding no error, we affirm the trial court's dismissal of Keith's motion.

FACTS AND PROCEDURAL HISTORY
¶ 2. Keith was indicted on the charges of capital murder and armed robbery, Counts I and II, respectively, stemming from the shooting of Roger Jamison and the theft of Jamison's automobile on January 4, 1997. On March 19, 2002, Keith pled guilty to manslaughter and armed robbery in the *386 Circuit Court of the First Judicial District of Hinds County.[1] Keith was sentenced immediately after his pleas to twenty years in the custody of the Mississippi Department of Corrections for Count I and twenty-five years in the custody of the Mississippi Department of Corrections for Count II, with the sentence for Count II to run concurrently with the sentence for Count I.
¶ 3. On March 17, 2005, Keith filed a "Motion For Post[-]Conviction Relief to Vacate and Set Aside Conviction and Sentence" under the criminal cause numbers assigned to his original indictment and guilty pleas. In his motion, Keith claimed that there was not a factual basis for his guilty pleas, that he was coerced into pleading guilty, that he received ineffective assistance of counsel, and that the cumulative error necessitated reversal. The trial court treated Keith's motion as a motion for post-conviction relief filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated sections 99-39-1-29 (Rev.2007), and reviewed the merits of Keith's claims. The trial court noted that Keith failed to include any sworn affidavits, including his own, in support of his motion. Therefore, the trial court found that Keith had failed to properly substantiate his claims of error and dismissed Keith's motion with prejudice. Keith now appeals.

ANALYSIS
¶ 4. This Court's standard of review of a trial court's dismissal of a motion for post-conviction relief is such that the trial court's findings of fact will not be reversed unless they are clearly erroneous; however, questions of law will be reviewed de novo. Boddie v. State, 875 So.2d 180, 183(¶ 6) (Miss.2004).

I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT KEITH'S MOTION WAS FILED AS A CRIMINAL MATTER.
¶ 5. Keith argues that the:
trial court erroneously found that [Keith] filed [his] motion as a criminal matter where [the] motion clearly contained appropriate lines and notation to allow [the] clerk to apply [a] civil action number and where there was not [any] language to specifically state [that the] action was a criminal matter except the criminal cause number on the face of the motion for identification purposes.
The trial court did find that Keith erroneously filed his motion for post-conviction relief under the original criminal cause numbers to which he pled guilty; however, the trial court nonetheless examined Keith's petition. Therefore, this issue is moot.

II. WHETHER THE TRIAL COURT ERRED IN CONSIDERING THE MERITS OF KEITH'S MOTION.
¶ 6. In its order denying Keith's petition, the trial court found that the only evidence offered by Keith in support of his claims of error were the factual assertions found in Keith's petition. Consequently, the trial court summarily dismissed Keith's petition, holding that Keith's factual assertions were contradicted by the record. While it is unclear from his brief, it appears that Keith argues that the trial court should not have reached the merits of his petition because he did not include supporting affidavits.
¶ 7. It is the duty of the petitioner to populate his motion for post-conviction relief with not only the sworn affidavits of those witnesses that presumably validate *387 his claims, but the petitioner's own sworn affidavit as well. Miss.Code Ann. §§ 99-39-9(1)(d) and (e) (Rev.2007). However, the fact that the requisite affidavits are missing does not preclude a trial court from examining a motion for post-conviction relief and ruling on its merits. To the contrary, the trial court is required to examine "[t]he original motion, together with all files, records, transcripts and correspondence relating to the judgment under attack...." Miss.Code Ann. § 99-39-11(1) (Rev.2007). If a petitioner does not include his own affidavit or, if necessary, affidavits of his witnesses, he does so at his own peril as "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for [the petition's] dismissal...." Miss.Code Ann. § 99-39-11(2) (Rev.2007). The trial court found that such was the case with Keith's petition. This issue is without merit.

III. WHETHER THERE WAS A FACTUAL BASIS FOR KEITH'S GUILTY PLEAS.
¶ 8. During Keith's plea hearing, the trial court inquired into the factual basis of Keith's pleas. In response, the prosecution stated:
Your Honor, the [State] would show that on January 4, 1997, [Keith], along with Edward DeLawrence McWilliams, was driving down Northside Drive. They came upon the Hurricane Bay Car Wash located at 1313 West Northside Drive within the City of Jackson and the First Judicial District of Hinds County, Mississippi. They saw [Jamison] with his car; that they pulled into the parking lot of the Hurricane Bay [Car Wash], both of them with the intent of robbing him and taking his car by exhibition of a deadly weapon. [Keith] got out of the car. There was a struggle with [Jamison] for his car. The gun discharged and [Jamison] was shot and died as a result of these injuries, and that [Keith] and [McWilliams] took his car to another location.
The trial court asked Keith if he had "any disagreement with [the State's] statement." Keith responded "no, sir." Keith now argues that the above set of facts was not sufficient to provide the requisite factual basis for his guilty pleas to manslaughter and armed robbery.
¶ 9. Uniform Rule of Circuit and County Court 8.04 requires a trial court to ensure that a defendant's guilty plea is not only voluntarily and intelligently made, but also that there exists a factual basis for such a plea. URCCC 8.04(A)(3); see also Bennett v. State, 933 So.2d 930, 940(¶ 24) (Miss.2006). Keith pled guilty to manslaughter, in violation of Mississippi Code Annotated section 97-3-35 (Rev.2006), and armed robbery, in violation of Mississippi Code Annotated section 97-3-79 (Rev. 2006).[2] In order for a defendant to be guilty of "heat of passion" manslaughter it must be shown that: (1) the defendant killed a human being; (2) without malice; (3) in the heat of passion; (4) in a cruel or unusual manner, or by the use of a dangerous weapon; (5) without authority of law; and (6) not in necessary self-defense. Miss.Code Ann. § 97-3-35. Additionally, one is guilty of armed robbery if it can be shown that: (1) the defendant feloniously took or attempted to take; (2) the personal property of another; (3) against his or her will; (4) by violence to his person or by putting them in fear of immediate injury to *388 him or her; (5) through the exhibition of a deadly weapon. Miss.Code Ann. § 97-3-79.
¶ 10. The factual summary expressed by the State, and agreed to by Keith, satisfies all elements of both crimes. It shows that Keith intended to take Jamison's automobile through the exhibition of a deadly weapon. It further demonstrates that Keith did, in fact, take Jamison's automobile through force, to wit: shooting Jamison during a struggle that ensued as a result of Keith's attempt to take Jamison's automobile. Finally, Jamison died as a result his wounds. This issue is without merit.

IV. WHETHER KEITH'S GUILTY PLEAS WERE INTELLIGENTLY AND VOLUNTARILY ENTERED.
¶ 11. Keith claims that his trial attorney's prediction as to the sentence Keith would receive had he gone to trial was erroneous, and as a result, his guilty pleas were coerced and involuntary given. He also argues that his plea was involuntary because he was not informed of the ineligibility for parole accompanying a conviction of armed robbery.[3]
¶ 12. Speaking to the requirements of a valid guilty plea, the supreme court has stated that:
[a] plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. A plea is deemed "voluntary and intelligent" only where the defendant is advised concerning the nature of the charges against him and the consequences of the plea. Specifically, the defendant must be told that a guilty plea involves a waiver of the right to trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination.... Rule 3.03 of the Uniform Criminal Rules of Circuit Court Practice [now URCCC 8.04] additionally requires, inter alia, that the trial judge "inquire and determine" that the accused understands the maximum and minimum penalties to which he may be sentenced.
Loden v. State, 971 So.2d 548, 573(¶ 60) (Miss.2007) (quoting Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)) (internal citations omitted). With this standard in mind, we review Keith's claim.

A. Whether Keith's pleas of guilt were involuntary as a result of his trial attorney's prediction of the possible sentence Keith could receive as a result of a jury trial.
¶ 13. Keith states in his brief that his trial attorney insisted "that if [Keith] did not plead guilty to the charges [against him that] he would get life without parole." Keith claims this advice coerced him into pleading guilty and, in turn, caused his pleas to be involuntary. In support of his allegation, Keith cites Myers v. State, 583 So.2d 174 (Miss.1991). In Myers, the supreme court stated:
counsel's representation to the defendant that he will receive a specified minimal sentence may render a guilty plea involuntary. Where defense counsel lies to the defendant regarding the sentence he will receive, the plea may be subject to collateral attack. Where defense counsel advises the defendant to lie and tell the court that the guilty plea has not been induced by promises of leniency (when in fact it has), the plea may be attacked.... Where the defendant receives any such advice of counsel, and *389 relies on it, the plea has not been knowingly and intelligently made and is thus subject to attack.
Myers, 583 So.2d at 177 (quoting Sanders v. State, 440 So.2d 278, 283-84 (Miss.1983)) (internal citations omitted). The supreme court further explained that mistaken advice given by counsel may invalidate a defendant's guilty plea. Id. However, Myers is inapplicable to the facts before us as Keith's counsel's advice was accurate.
¶ 14. Keith was originally indicted for the charges of capital murder and armed robbery. The potential range of punishment under either offense includes a sentence of life without the possibility of parole. See Miss.Code Ann. §§ 97-3-21 (Rev.2006), 97-3-79 (Rev.2006), 47-7-3(1)(d)(ii) (Rev.2004). It is axiomatic that an otherwise voluntarily and intelligently entered plea of guilty may not be invalidated by a defendant's reliance on his trial counsel's accurate advice. This issue is without merit.

B. Whether Keith's guilty pleas were involuntary as a result of incomplete sentencing information.
¶ 15. Keith also argues that his guilty pleas were not voluntarily and intelligently made because he was not informed that he would not be eligible for parole from the sentence accompanying his guilty plea for armed robbery. Section 47-7-3(1)(d)(ii) states that a defendant convicted of robbery effectuated through the display of a firearm is not eligible for parole. However, "a defendant need not be informed of ineligibility for parole before entering a plea of guilty." Womble v. State, 466 So.2d 910, 912 (Miss.1985); see also Fairley v. State, 834 So.2d 704, 707 (¶¶ 7-8) (Miss.2003) (stating that the lack of information concerning parole eligibility may not invalidate an otherwise valid guilty plea, but erroneous information regarding parole and sentencing may justify allowing a defendant to withdraw his plea). The transcript of Keith's plea hearing shows that Keith was never given any information regarding the prospects of parole in relation to his guilty pleas, erroneous or otherwise. Additionally, he makes no claim in his brief that his trial attorney made any claims regarding parole other than if Keith proceeded to trial, he may receive life without parole.[4] As discussed above, this is hardly an incorrect statement. Therefore, pursuant to Womble and Fairley, we cannot say that Keith's guilty pleas were involuntary. This issue is without merit.

V. WHETHER KEITH RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 16. Keith next argues that his trial counsel rendered ineffective assistance of counsel. Specifically, Keith claims that his trial counsel was ineffective because: (1) Keith's trial counsel did not inform him that a mandatory sentence accompanied a conviction for armed robbery; (2) Keith's trial counsel coerced Keith into pleading guilty by informing Keith that if he did not plead guilty he would receive a sentence of life without the possibility of parole; and (3) Keith's trial counsel did not inform him that the State should have charged him with carjacking rather than armed robbery and manslaughter. Keith argues that he would not have pled guilty had his trial attorney properly informed him of the above topics.
¶ 17. In order to succeed on a claim of ineffective assistance of counsel a defendant must overcome the familiar two-step burden established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, *390 80 L.Ed.2d 674 (1984). A defendant must show that his counsel was not only deficient in his representation, but also that the defendant suffered prejudice as a result of his counsel's deficiency. Golden v. State, 968 So.2d 378, 386(¶ 32) (Miss.2007). To demonstrate prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). When challenging the effectiveness of the assistance of counsel during a guilty plea, "[i]n order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Pittman, 744 So.2d 781, 786(¶ 19) (Miss.1999) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). However, "a strong presumption of competence exists in favor of the attorney." Golden, 968 So.2d at 386(¶ 32) (quoting Havard v. State, 928 So.2d 771, 780-81(¶ 7) (Miss. 2006)). With this standard in mind, we will review Keith's claims of deficiency.

A. Whether Keith was advised of the mandatory sentence.
¶ 18. Keith claims that he received ineffective assistance of counsel as a result of his trial counsel's alleged failure to inform him of the mandatory sentence required of a conviction of armed robbery. However, it is unclear from Keith's brief whether Keith's cries of foul stem from his trial counsel's alleged failure to inform Keith of the minimum sentence associated with armed robbery or the fact that one convicted of armed robbery is not eligible for parole. In any event, we will address both grounds.
¶ 19. We will first discuss the alleged failure of Keith's trial counsel to inform Keith of the minimum sentence applicable to armed robbery. While the record does not contain a plea petition, at the outset of Keith's plea hearing, the State commented that it "and [Keith] agreed to enter into a plea agreement. [Keith] would plead guilty to a charge of manslaughter and armed robbery, and should he do so the [State] would have a recommendation as to sentencing." Once Keith's pleas were accepted by the trial court, the State did, in fact, recommend that Keith be sentenced to twenty years on the charge of manslaughter and twenty-five years on the charge of armed robbery, with the sentences to run concurrently. Additionally, the State agreed to nol pros an aggravated assault charge against Keith in exchange for his guilty pleas. Immediately after the State voiced its recommendation, the trial court sentenced Keith in conformity with the recommendation. Upon hearing his sentence, Keith replied, "yes, sir."
¶ 20. Although the record is sparse, we find Keith has failed to meet his two-pronged burden as to his trial counsel's failure to advise him of the mandatory minimum three-year sentence accompanying a conviction of armed robbery was ineffective assistance of counsel. The supreme court has held that a counsel's alleged failure to inform a defendant of the minimum and maximum sentences applicable to his plea raises a question of fact as to whether counsel's representation was deficient, thereby satisfying Strickland's first prong. Alexander, 605 So.2d at 1173. However, the record shows that Keith cannot show the requisite prejudice. In terms of a guilty plea and a claim of ineffective assistance of counsel, prejudice is shown if the defendant "would have insisted on going to trial if he had been correctly informed." Id. The apparent *391 plea agreement between Keith and the State included a recommendation of a twenty-five year sentence in exchange for Keith's plea of guilty to armed robbery. That being the case, knowledge of the fact that a conviction for armed robbery carried with it a minimum sentence of three years could not have affected Keith's decision to plead guilty when the deal he struck with the State contemplated a sentence of twenty-five years.
¶ 21. We reach the same result in regard to Keith's claim that he was not informed of the ineligibility for parole when convicted of armed robbery. In a remarkably similar case, this Court held that the defendant failed to meet his burden as to whether he received ineffective assistance of counsel. Sutton v. State, 873 So.2d 120, 124 (¶¶ 18-19) (Miss.Ct.App. 2004). In Sutton, the defendant pled guilty to three counts of armed robbery. Id. at 121(¶ 1). We stated the details of Sutton's plea hearing as follows:
The trial judge asked Sutton whether he had an opportunity to fully discuss with his attorney the facts and circumstances surrounding the offenses. Sutton indicated that he had discussed such facts regarding the offenses which would be necessary to his defense. Upon inquiry by the court, Sutton stated that he had not been threatened nor coerced into pleading guilty, and that his attorney had discussed the elements of the crimes charged with him [sic]. Sutton indicated that there had been no promises made to him in exchange for pleas of guilty. He stated that he was freely and voluntarily admitting that he was guilty of the crimes charged.
The trial judge advised Sutton of his right to a trial by jury and the right to testify or not testify in his own behalf as he chose. The trial judge advised Sutton of his right to confront and cross-examine witnesses against him and his right to subpoena witnesses to testify in [sic] his behalf. The trial judge informed Sutton that guilty pleas would waive these rights. Sutton acknowledged that a plea of guilty would waive these rights.
The trial judge questioned Sutton regarding his attorney's services. Sutton stated that he was satisfied with his attorney's representation in each case. The trial judge then asked Sutton if he had any questions concerning the charges pending against him which had not been answered either by his attorney or the district attorney's office. Sutton indicated that he had no questions. The trial judge informed Sutton that the trial court would not be bound by a plea bargain agreement and that the court could impose a sentence up to but not including life expectancy on each offense, and could cause the sentences to run consecutively. Sutton stated that he understood this.
Based upon Sutton's responses to the court's questions, the trial judge determined that Sutton's pleas of guilty had been freely and voluntarily entered.
Id. at 121-22 (¶¶ 6-9). The trial court in the instant case asked the exact same questions as in Sutton, and Keith's responses mirrored Sutton's.
¶ 22. Sutton claimed that his attorney advised him that once he had served eighty-five percent of his sentence, he would be eligible for parole. Id. at (¶ 12). However, as stated above, this was a completely inaccurate statement. This Court held that "Sutton does not question his guilt, nor does he suggest any impairment to any defense which might have been available to him. Under these circumstances, we decline to hold that Sutton received ineffective assistance of counsel." Id. at 124(¶ 19). Similarly, Keith neither *392 professes his innocence, nor calls attention to the impairment of any defense as a result of not being informed of his ineligibility for parole.
¶ 23. Additionally, Keith does not claim in his brief that he was given erroneous information, only that he was not given any information in regard to parole.[5] However, Keith's own brief calls this claim into doubt. As discussed above, Keith claimed that his pleas were involuntary as a result of his trial counsel informing him that if he went to trial he could possibly receive a sentence of life without the possibility of parole. Keith also stated in his brief that "defense counsel never informed Keith of the fact that armed robbery, even upon a plea of guilty[,] carried with it a mandatory sentence." (Emphasis added). These statements indicate that Keith's trial counsel did, indeed, inform Keith that a conviction for armed robbery carried with it ineligibility for parole. We find this issue without merit.

B. Whether Keith was coerced into pleading guilty.
¶ 24. As discussed above under Issue IV(A), we will not find fault in a trial counsel's accurate advise. This issue is without merit.

C. Whether Keith should have been charged with carjacking.
¶ 25. Keith argues that he would not have pled guilty had his trial counsel informed him that the State should have charged him with carjacking rather than manslaughter and armed robbery. The Mississippi Carjacking Act provides: "whoever shall knowingly or recklessly by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, or attempting to do so, or by any other means shall take a motor vehicle from another person's immediate actual possession shall be guilty of carjacking." Miss.Code Ann. § 97-3-117(1) (Rev.2006). A defendant is guilty of armed carjacking if he commits a carjacking with "any object capable of inflicting death or serious bodily harm." Miss.Code Ann. § 97-3-117(2) (Rev.2006).
¶ 26. While Keith's admitted actions certainly qualify as an armed carjacking under section 97-3-117(2), the issue of whether Keith should have been charged with the crime is moot. When a defendant's actions constitute a crime under more than one statute, the State is not obligated to pursue criminal charges under the statute with the lesser penalty, but may choose any applicable statute so long as its choice is clear. Jenkins v. State, 888 So.2d 1171, 1174(¶ 8) (Miss.2004). In the instant case, Keith's indictment plainly referenced sections 97-3-19(2)(e) and 97-3-79, capital murder and armed robbery, respectively. As a consequence of Keith's plea bargain, Keith pled guilty to manslaughter in violation of section 97-3-35 rather than capital murder. As stated above under Issue III, Keith's professed murder of Jamison and the theft of Jamison's *393 car satisfies the elements of both crimes to which Keith pled guilty. The State was well within its executory discretion in choosing not to charge Keith with armed carjacking. Therefore, we cannot say that his trial counsel was deficient in failing to inform Keith that he could have been charged with armed carjacking when neither Keith nor his trial counsel had any choice in the matter. This issue is without merit.

VI. WHETHER THERE WAS CUMULATIVE ERROR THAT NECESSITATES REVERSAL.
¶ 27. Keith argues that the doctrine of cumulative error justifies reversal of his guilty pleas. The doctrine allows a combination of harmless errors to cumulatively require reversal of a case. Glasper v. State, 914 So.2d 708, 729(¶ 46) (Miss.2005) (quoting Byrom v. State, 863 So.2d 836, 847(¶ 13) (Miss.2003)). In the instant case, there was no error, harmless or otherwise, to justify reversal of Keith's guilty pleas. This issue is without merit.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.
NOTES
[1] Although it is not clear from the record, it appears as if the State allowed Keith to plead to the lesser-included charge of manslaughter as part of a plea deal.
[2] Although the specific code section under which Keith plead guilty to manslaughter is not mentioned in the record, we assume "heat of passion" manslaughter was contemplated.
[3] Keith also raises these claims under an allegation of ineffective assistance of counsel, which is discussed below.
[4] See footnote five below.
[5] Although Keith claims in his brief that he was never told that a conviction for armed robbery carried with it an ineligibility for parole, in an unsworn statement of facts that accompanied Keith's motion for post-conviction relief to the trial court, Keith alleged that his attorney told him "that if [Keith] pleaded guilty [Keith] would serve about five years on the twenty[-]five year sentence because the mandatory law would be changing in five years." However, unsubstantiated allegations may not support a claim for ineffective assistance of counsel. See Thomas v. State, 930 So.2d 1264, 1267(¶ 15) (Miss.Ct.App.2005) (quoting Lindsay v. State, 720 So.2d 182, 184(¶ 6) (Miss. 1998)) (stating "that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit").