# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00989-COA

**BENJAMIN DZUY TRAN A/K/A BENJAMIN DZUV TRAN**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

DATE OF JUDGMENT:              09/06/2022
TRIAL JUDGE:                   HON. LISA P. DODSON
COURT FROM WHICH APPEALED:     HARRISON COUNTY CIRCUIT COURT,
                               SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        BENJAMIN DZUY TRAN (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 10/31/2023
MOTION FOR REHEARING FILED:

### BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     Benjamin Dzuy Tran pleaded guilty to possession of a controlled substance (cocaine) with the intent to sell or distribute it. The Harrison County Circuit Court sentenced Tran to serve eighteen years in the custody of the Mississippi Department of Corrections (MDOC). Tran timely filed a motion for post-conviction relief (PCR), asserting various claims of ineffective assistance of counsel that he alleged ultimately resulted in his involuntary guilty plea. The circuit court denied Tran's PCR motion. Tran appeals, reasserting his ineffective-assistance claims. Finding no error, we affirm the circuit court's order.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     Benjamin Dzuy Tran was stopped on Interstate 10 in Harrison County, Mississippi, while transporting approximately one kilogram of cocaine from Louisiana to Florida. He was indicted for trafficking a controlled substance (cocaine) in October 2018. The charge in the indictment was amended in November 2020 to possession of cocaine with intent to sell. On that same date, Tran pleaded guilty to that charge. In May 2021, the circuit court sentenced Tran to serve eighteen years in the custody of the MDOC. After the plea hearing but before sentencing, Tran's lawyer Fred Lusk became ill and was replaced by his son Scott Lusk, who was a former assistant district attorney.

¶3.     Tran moved for post-conviction relief in March 2022. In his PCR motion, Tran asserted that he received ineffective assistance of counsel that resulted in an involuntary guilty plea. The circuit court denied Tran's motion. Tran appeals.

## STANDARD OF REVIEW

¶4.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous." *Luckett v. State*, 346 So. 3d 509, 511 (¶3) (Miss. Ct. App. 2022). "A circuit court's legal conclusions are reviewed de novo." *Id.*

## DISCUSSION

¶5.     Tran asserts that his trial counsel's ineffectiveness resulted in him entering an involuntary plea for two reasons: (1) a conflict of interest existed because Scott Lusk (who represented Tran at his sentencing hearing) had previously worked as an assistant district

attorney, and (2) Tran's counsel failed to investigate or challenge the traffic stop that led to Tran's arrest.

¶6. "In order to succeed on a claim of ineffective assistance of counsel, [Tran] must prove that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Carson v. State*, 161 So. 3d 153, 155-56 (¶3) (Miss. Ct. App. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Tran's ineffective-assistance-of-counsel claim arises in the context of a guilty plea. Because he pleaded guilty, Tran can only prevail on his claim by "demonstrat[ing] that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Luckett*, 346 So. 3d at 511 (¶6) (quoting *Strickland*, 466 U.S. at 694).

¶7. "A defendant's claims of ineffective assistance of counsel must be pled with specificity, and the claim must be supported by affidavits other than his own." *Id.* at (¶5) (internal quotation marks omitted). "When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Id.* (internal quotation mark omitted). In this case, Tran presented only the allegations of his PCR motion to support his ineffective-assistance claim; he provided no affidavits or other sworn documents other than his motion. Because Tran's PCR motion rests entirely on "[his] own bare assertions," we affirm the circuit court's order denying Tran's PCR motion. *Carson*, 161 So. 3d at 156 (¶4).[1]

---

[1] We note that Mississippi Code Annotated section 99-39-7 (Rev. 2020) requires that a pleading seeking post-conviction relief be filed "as an *original civil action* in the trial

3

¶8. We further find that Tran waived his ineffective-assistance claim. "A voluntary guilty plea waives claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness related to the voluntariness of the giving of the guilty plea." *Jones v. State*, 284 So. 3d 855, 859 (¶12) (Miss. Ct. App. 2019). "A guilty plea is binding where it is entered voluntarily, knowingly, and intelligently." *Crockett v. State*, 334 So. 3d 1232, 1238 (¶20) (Miss. Ct. App. 2022).

¶9. We find nothing in the record showing that Tran entered his guilty plea involuntarily. On the contrary, the record reflects that Tran's guilty plea was voluntarily, knowingly, and intelligently made. At his plea hearing, the circuit court specifically informed Tran that if he was pleading guilty to the charge for which he was before the court, he should sign his plea petition. Tran signed his plea petition under oath and confirmed at his plea hearing that he had read it, he understood it, and he had gone over it with his lawyer. The plea petition provides: "I OFFER MY PLEA OF 'GUILTY' FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INDICTMENT . . . ."

court." (Emphasis added). The circuit court found that Tran erroneously filed his PCR motion under the criminal cause number assigned to his original and amended indictment and guilty plea (Cause No. B2402-2018-00551). Despite Tran's mistake, the circuit court nonetheless addressed Tran's PCR claims on the merits. We find no error in the circuit court doing so, as we find no authority for the proposition that Tran's statutory noncompliance on this point constitutes a jurisdictional defect. *Cf. Keith v. State*, 999 So. 2d 383, 386 (¶5) (Miss. Ct. App. 2008) (addressing PCR movant's claims on the merits despite movant filing his PCR motion "under the original criminal cause numbers to which he pled guilty" rather than filing an original civil action).

¶10. The record also reflects that during his plea colloquy, Tran was advised of his rights, the nature of the charge against him and possible sentence, and the consequences of his plea. *Partain v. State*, 78 So. 3d 350, 352 (¶7) (Miss. Ct. App. 2011) ("When determining whether a plea is voluntary, an appellate court considers whether the trial court advised the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea."). Tran also confirmed at his plea hearing that no one had forced or coerced him into pleading guilty, or promised him anything to get him to plead guilty. Nor did Tran raise any issue or complaint regarding his lawyer's services at the plea hearing (or at any other time). Rather, Tran's signed plea petition provided, "I AM SATISFIED WITH THE ADVICE AND HELP MY LAWYER HAS GIVEN ME." Likewise, when the circuit court questioned him at his plea hearing, Tran confirmed that he was satisfied with his lawyer's services and had been properly advised in his case. *See Hooghe v. State*, 244 So. 3d 81, 90 (¶31) (Miss. Ct. App. 2017) (finding that defendant failed to show his lawyer's performance was deficient where the defendant confirmed his satisfaction with his lawyer's services at his plea hearing and did not "mention anything whatsoever" concerning his lawyer's allegedly deficient performance).

¶11. But even if Tran had not waived or failed to properly support his ineffective-assistance claim, we find that his contentions fail on the merits, which we address below.

### I. Alleged Conflict of Interest

¶12. As noted, Tran's lawyer Fred Lusk became ill after the plea hearing but before Tran's

sentencing. Fred's son Scott took over Tran's case and represented him at the sentencing hearing. Scott had retired from the district attorney's office and joined his father's law practice. At Tran's sentencing hearing, Scott explained to the circuit court that because he had worked at the local district attorney's office, he asked Tran to sign a waiver of any conflicts of interest. Tran signed the waiver.

¶13. The circuit court judge specifically questioned Tran about his understanding of the waiver and the fact that his attorney worked at the district attorney's office at the time of the crime and Tran's indictment and that Scott was now in private practice. Tran confirmed that he understood the potential conflicts and agreed to sign the waiver.[2]

¶14. In *Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1980), the United States Supreme Court "held that prejudice is presumed when counsel is burdened by an actual conflict of interest." *Strickland*, 466 U.S. at 692. The Mississippi Supreme Court has adopted the *Cuyler*

---

[2] A copy of the conflicts-of-interest waiver is not in the record. However, the waiver is quoted in the circuit court's order denying Tran's PCR motion, and the order specifically provides that the waiver was signed by Tran and Scott Lusk on April 28, 2021. As quoted in the circuit court's order, the waiver provides:

> I understand that my attorney, Scott Lusk, was previously employed by the Office of the District Attorney. I further understand that Scott Lusk may have had some previous dealings or worked on my case during his employment with the Office of the District Attorney. I am fully aware of these facts at this time and have fully discusses [sic] this with my attorney. I understand that there may be a potential conflict of interest that would arise because of this circumstance, and I hereby waive any conflict of interest that would arise because of this circumstance, and I hereby waive any conflict of interest that my current attorney, Scott Lusk, may have due to his previous employment.

standard, recognizing that "in order to demonstrate a violation of his Sixth Amendment [r]ights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Crawford v. State*, 192 So. 3d 905, 918 (¶58) (Miss. 2015) (quoting *Armstrong v. State*, 573 So. 2d 1329, 1333 (Miss. 1990)). Tran has made no showing that an *actual* conflict of interest existed in this case. Rather, Tran merely implies that Scott's alleged conflict arose simply because he "may have had some previous dealings or worked on Tran['s] case during his employment with the Office of the District Attorney." Because Tran has not presented an actual conflict, which *Cuyler* requires, we apply the *Strickland* test. Under *Strickland*, Tran has wholly failed to show or even describe any deficient performance on Scott Lusk's part or any resulting prejudice. *Carson*, 161 So. 3d at 155-56 (¶3). As such, his claim fails.

¶15.    We also point out that Tran knowingly waived any conflict. So even if Tran had shown an actual conflict of interest existed due to Scott's previous employment with the district attorney's office, any ineffective-assistance claim on that basis was waived. *Crawford*, 192 So. 3d at 918 (¶60) (recognizing defendant may waive actual conflict); *Salts v. State*, 984 So. 2d 1050, 1063 (¶34) (Miss. Ct. App. 2008). Tran signed a conflicts-of-interest waiver and again waived any potential conflict before the circuit court at his sentencing hearing. In response to the circuit court's pointed questioning, he assured the court that he was aware of and understood the potential conflicts of interest, he discussed it with Scott, and Tran willingly signed the waiver.

7

¶16. For the above-stated reasons, we find that Tran's conflict-of-interest argument is without merit.

## II. Alleged Failure to Investigate or Challenge the Traffic Stop

¶17. Tran asserts that his lawyer was ineffective because he failed to investigate or challenge the circumstances surrounding Tran's traffic stop. However, "a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial[,] . . . includ[ing] . . . claim[s] involving [an] . . . unreasonable search and seizure." *Lopez v. State*, 343 So. 3d 408, 413 (¶13) (Miss. Ct. App. 2022). As addressed above, Tran's guilty plea was valid and binding—i.e., it was voluntary, knowing, and intelligent. *Crockett*, 334 So. 3d at 1238 (¶20). In any event, even if Tran had not waived his ineffective-assistance claim on this point, he could not meet *Strickland*'s two-part test.

¶18. Tran asserts that had his lawyer properly investigated his case, he would have filed a motion to suppress the evidence (the cocaine) discovered when the officers searched Tran's vehicle. But this alleged failure on his lawyer's part is not "per se ineffective." *Id.* at 414 (¶17). Rather, Tran must show that the motion to suppress "would have been meritorious and that prejudice resulted from the evidence's admission." *Id.* Tran has not done so. We find nothing in the record to support Tran's assertion on this point. We therefore find that Tran's argument on appeal regarding the traffic-stop challenge is without merit.

## CONCLUSION

¶19. We find no error in the circuit court's decision to deny Tran's PCR motion. We

therefore affirm the circuit court's order.

¶20. **AFFIRMED.**

    **BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**