KING, P.J.,
for the Court:
¶ 1. Robert Carr perfected this appeal from the denial of post-conviction relief by the Circuit Court of Lowndes County, Mississippi. Carr pled guilty to the sale of cocaine. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections and ordered to pay a fine in the amount of $5,000. Carr has stated his issues as follows:
I. Whether his guilty plea was voluntarily given.
II. Whether he received ineffective assistance of counsel.
FACTS
¶2. On November 1, 1999, Carr was indicted for the sale of cocaine. On February 16, 2000, Carr, with the assistance of counsel, filed a petition to enter a guilty plea to the charge.
¶ 3. During the hearing on Carr’s petition to enter a guilty plea, the trial judge questioned him to determine whether he understood that a guilty plea waived his right to a jury trial and other constitutional protections. Carr acknowledged that he understood this. The trial judge asked Carr if his attorney had explained everything contained in the guilty plea petition to him. Carr responded affirmatively. The trial judge then questioned Carr regarding his educational level and his ability to read, write and understand the English language. Carr stated that he had an eighth grade education and could neither read nor write. Carr’s attorney observed that Carr could neither read nor write, but understood English. The trial judge asked Carr about two prior felony convictions, Carr’s attorney indicated that the district attorney had agreed not to charge Carr as a habitual offender, and there was a pending motion to delete the habitual language.
¶ 4. The trial judge questioned Carr regarding his understanding of the maximum and minimum penalties allowed. He asked Carr’s attorney if she had explained the elements of the offense to Carr. She responded affirmatively. The trial judge then asked Carr if anyone threatened him or promised him anything in regard to his plea. Carr testified that he had not been threatened or promised anything.
¶ 5. Having determined that Carr was competent to understand the nature of the charge against him, the nature and consequences of his plea of guilty, and the maximum and minimum sentences required by law, the court accepted Carr’s guilty plea.
¶ 6. Upon inquiry by the court, the State recommended that Carr be sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections and ordered to pay a fine in the amount of $5,000. The court accepted the State’s recommendation.
¶ 7. On October 16, 2000, Carr filed a petition for post-conviction collateral relief. On November 30, 2000, the court dismissed this petition. The trial court determined the claim to be without merit, and that a hearing was unnecessary. From that denial of relief, Carr, pro se, has perfected this appeal.
ISSUES AND ANALYSIS
I.
Whether Carr’s guilty plea was voluntary.
¶ 8. Carr argues that his guilty plea was involuntary because it was induced by counsel’s misrepresentations. In his brief, Carr alleges that counsel promised he would not receive a twenty-year sentence. *321 The transcript of the plea hearing shows that Carr was asked whether he understood the maximum and minimum penalties provided by law. The court also inquired whether he understood the nature and consequences of his guilty plea and the waiver of his constitutional rights. Carr responded affirmatively.
¶ 9. The guilty plea petition contained the State’s recommended sentence of twenty years. Carr states that his guilty plea was based on the promise that the recommended sentence of twenty years would not be imposed. However, Carr does not present any evidence to show that counsel made such a promise.
¶ 10. Upon review of a trial court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595(¶ 6) (Miss. 1999). Where questions of law are raised, the applicable standard of review is de novo. Id.
¶ 11. Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules states:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
¶ 12. A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor’s business (e.g., bribes). Edwards v. State, 749 So.2d 291(¶ 9) (Miss.Ct. App.1999) (citing Brady v. U.S., 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). In this case, the court determined that Carr’s guilty plea was knowingly, intelligently and voluntarily made based upon his responses to the questions posed by the court.
¶ 13. While we affirm the trial court’s decision based on Mississippi law, we do note that when there is a question as to whether a defendant can read or write, the court should make an extra effort to ensure that the defendant understands the substance of the plea petition. A defendant seeking post-conviction relief, alleging a defective plea, based upon his inability to read and write, bears the obligation of producing proof of that deficiency. Davis v. State, 723 So.2d 1197(¶ 6) (Miss.Ct.App.1998).
II.
Whether Carr received ineffective assistance of counsel.
¶ 14. Carr contends that he was denied effective assistance of counsel because counsel promised him that he would not receive a twenty-year sentence. Carr argues that this sentence was inappropriate because he was not recorded on videotape and the undercover agents involved did not identify themselves until after the fact. He also contends that counsel was in a hurry to resolve this matter which led to this plea.
¶ 15. The two-part test announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is our standard of review for resolving whether counsel was effective. Carr must show that there is a(l) deficien *322 cy of counsel’s performance that is (2) sufficient to constitute prejudice to his defense. Id.
¶ 16. Carr has not provided evidence which suggests that counsel was ineffective to this extent. Therefore, this Court finds this claim to be without merit.
¶ 17. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ„ CONCUR.