845 So.2d 730 (2003)
Christopher L. SMITH a/k/a Christopher Smith, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01111-COA.
Court of Appeals of Mississippi.
May 13, 2003.
*731 Christopher L. Smith (pro se), attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
LEE, J., for the court.
¶ 1. Appellant Christopher Smith was indicted and convicted of possession of cocaine. He was sentenced to serve twelve years' imprisonment and pay a $1,500 fine. Smith filed a motion for post-conviction relief arguing that his attorney misinformed him as to the maximum sentence he would get if he went to trial and that, consequently, his guilty plea was not entered into intelligently. The Leake County Circuit Court dismissed his motion, and Smith appeals to this Court arguing again that his guilty plea was not voluntarily nor intelligently given, that his counsel was ineffective, that the search of his person was illegal, and that the evidence was insufficient to support the verdict. We review Smith's arguments and find no merit; thus, we affirm.

DISCUSSION OF THE ISSUES
I. WAS THE APPELLANT'S GUILTY PLEA VOLUNTARILY AND INTELLIGENTLY ENTERED AND WAS HIS COUNSEL EFFECTIVE?
¶ 2. Smith first argues that he did not voluntarily and intelligently enter his guilty plea due to the ineffectiveness of his counsel. "Our standard of review pertaining to voluntariness of guilty pleas is well settled: `this Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.' In order to meet constitutional standards, a guilty plea must be freely and voluntarily entered." Pleas v. State, 766 So.2d 41(¶ 4) (Miss.Ct.App.2000). Regarding effectiveness of counsel, we apply the test set forth in Strickland v. Washington, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) which requires that we determine whether counsel's overall performance was deficient and whether or not the deficient performance, if any, prejudiced the defense. The burden of proof is on the defendant to prove both prongs, and the adequacy of counsel's performance as to its deficiency and prejudicial effect should be measured by a totality of the circumstances. Ratliff v. State, 752 So.2d 416(¶ 6) (Miss.Ct.App. 1999). However, there is a strong, yet rebuttable, presumption that the actions by the defense counsel were reasonable and strategic. Id.
*732 ¶ 3. Smith argues that had his attorney correctly informed him of the nature of the charge and possible penalty, he would have insisted on going to trial rather than plead guilty. Rule 8.04(3) of the Uniform Rules of Circuit and County Court Practice states:
Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
Additionally, URCCC 8.04(4) states that when the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine that he is competent to understand the nature of the charge; that he understands the nature and consequences of the plea, including the maximum and minimum penalties provided by law; and that he understands that by pleading guilty he waives his constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination. Further, if he is not represented by an attorney, he must be advised that he has the right to an attorney at every stage of the proceeding and that one will be appointed to represent him if he is indigent. Id.
¶ 4. In our review of the record, we note that at the January 2000 plea hearing, the judge thoroughly questioned Smith in compliance with Rule 8.04(4), and Smith affirmed to the court that he was pleased with his attorney's representation of his case. Smith also told the judge that he understood the charge, the minimum and maximum punishment, his constitutional rights, and he was not threatened or intimidated into pleading guilty. We find no evidence that the court erred in accepting Smith's guilty plea, and we find no evidence whatsoever that the attorney's performance was deficient as to cause Smith to suffer prejudice. This issue has no merit.
II. WAS THE SEARCH OF THE APPELLANT'S PERSON ILLEGAL?
¶ 5. Smith also argues that the police officer's search of his pants pocket violated his Fourth Amendment right against illegal search and seizure. In King v. State, 738 So.2d 240(¶ 4) (Miss. 1999), the supreme court noted that the defendant's post-conviction relief application raised constitutional claims, including illegal search and seizure. However, the court stated that King's valid guilty plea constituted a waiver of these constitutional rights, and by pleading guilty King voluntarily gave up his right to make this constitutional challenge. Id. at (¶ 5). In accordance with King, we find Smith to be barred from raising this issue on appeal, since his guilty plea acted to waive his right to challenge this issue.
IV. WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE VERDICT?
¶ 6. Smith finally argues that the evidence was insufficient to convict him. In Swift v. State, 815 So.2d 1230(¶ 13)(Miss.Ct.App.2001), this Court stated:
The law is well settled that when properly entered and accepted, "[a] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." *733 Since Smith pleaded guilty, he waived his opportunity for a jury to review the sufficiency of evidence in his case; thus, we decline to review, as well.
¶ 7. Our standard of review concerning post-conviction relief states: "Upon review of a trial court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Carr v. State, 806 So.2d 319(¶ 10) (Miss.Ct.App.2001). We have found no clear error in the judge's dismissal of Smith's motion for post-conviction relief; thus, we affirm.
¶ 8. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF DISMISSAL OF THE APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO LEAKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.