881 So.2d 933 (2004)
Ricky RYALS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00499-COA.
Court of Appeals of Mississippi.
September 7, 2004.
Ricky Ryals, appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
*934 EN BANC.
MYERS, J., for the Court.
¶ 1. Ricky Ryals was indicted for capital murder in the Circuit Court of Forrest County. He pled guilty and was sentenced to life imprisonment. Ryals filed a motion for post-conviction relief that was summarily dismissed by the trial judge. Ryals now appeals to this Court and raises the following issues:
I. WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE PLEA BECAUSE THE STATE PRESENTED NO EVIDENCE OF GUILT
II. WHETHER THE PLEA WAS VOLUNTARILY AND INTELLIGENTLY ENTERED
III. WHETHER THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL

STATEMENT OF FACTS
¶ 2. Ryals was indicted in the Circuit Court of Forrest County for capital murder pursuant to Mississippi Code Annotated Section 97-3-19(2)(e) (Rev.2000). He pled guilty and received a life sentence to be served in the custody of the Mississippi Department of Corrections pursuant to Mississippi Code Annotated Section 97-3-21(b) (Rev.2000).
¶ 3. Almost three years later, Ryals filed a motion to "vacate and set aside guilty plea" in the sentencing court arguing that the State failed to offer any evidence of guilt. The trial court treated Ryals' motion as a petition for post-conviction relief and summarily dismissed it pursuant to Mississippi Code Annotated Section 99-39-11(2) (Rev.2000). The trial judge ruled that since the only issue was the State's alleged insufficiency of evidence, Ryals effectively waived this matter when he knowingly and voluntarily pled guilty to the charge. Aggrieved by this result, Ryals perfected the present appeal.
¶ 4. Ryals contends that the "sole" issue was whether the State's offer of proof was sufficient for the court to accept his plea. However, his petition and appellate brief allude to the fact that his plea was invalid and that he received ineffective assistance of counsel. Therefore, out of an abundance of caution, we will analyze all three issues.

LEGAL ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE PLEA BECAUSE THE STATE PRESENTED NO EVIDENCE OF GUILT
¶ 5. "When this Court reviews a trial court's decision to deny a petition for post-conviction relief, it will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). "However, where questions of law are raised the applicable standard of review is de novo." Id.
¶ 6. With his first issue, Ryals argues that, although he pled guilty, the evidence was insufficient to convict him. In Swift v. State, 815 So.2d 1230, 1234 (¶ 13) (Miss.Ct.App.2001), this Court stated:
The law is well settled that when properly entered and accepted, "[a] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt. (emphasis added).
¶ 7. Assuming that Ryals' guilty plea was valid, he waived his opportunity for a jury to review the sufficiency of evidence in his case. See Steele v. State, 845 So.2d *935 758, 759(¶ 4) (Miss.Ct.App.2003); Smith v. State, 845 So.2d 730, 733(¶ 6) (Miss.Ct.App.2003). Therefore, we turn to the next issue.
II. WHETHER THE PLEA WAS VOLUNTARILY AND INTELLIGENTLY ENTERED
¶ 8. Ryals alleges that when the trial court asked for his plea he stated that he did not commit the crime. Our rules of criminal procedure require the following when a defendant is arraigned and wishes to plead guilty:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
4. Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
a. That the accused is competent to understand the nature of the charge;
b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.
URCCC 8.04 A.
¶ 9. "Pursuant to this rule Sutton's pleas may only be considered as having been voluntarily made if he was properly advised by counsel and had a full understanding of the consequences of his actions." Sutton v. State, 873 So.2d 120, 123 (¶ 15) (Miss.Ct.App.2004).
¶ 10. At his plea hearing, Ryals stated that he was competent to enter a plea of guilty. Ryals also stated that he understood the nature of the charge against him, that he did, in fact, commit capital murder, and that he was aware of the maximum and minimum penalties that accompany it. Finally, Ryals stated that he was aware that by pleading guilty he was giving up certain constitutional rights, such as a right to a trial by jury.
¶ 11. A careful review of the record does reveal that Ryals denied killing his pregnant wife. Ryals stated that he participated in his wife's murder but his brother was the one who actually beat her with a bat and slit her throat. Ryals stated that his intention was to have his wife murdered because his girlfriend wanted her out of the picture.
¶ 12. This statement, however, was made during the sentencing phase of the bifurcated hearing in an attempt to offer mitigating evidence. The guilt phase had already been completed during which Ryals effectively entered a guilty plea. At the sentencing phase, the trial court out of an abundance of caution, asked Ryals if he was the same Ricky B. Ryals who had earlier that day signed the Entry of Guilty Plea and Agreed Waiver of the Jury in which Ryals waived a jury for the purpose of sentencing, to which Ryals answered that he was. The judge asked again if Ryals affirmed and ratified that he had *936 signed the waiver to be effective in the sentencing phase and Ryals said that he did. The judge then asked Ryals and his attorneys if they sought a continuance of the sentencing phase and each replied that they did not. The judge then commenced the sentencing phase.
¶ 13. "In a request for post-conviction relief, a trial court is entitled to place great weight on the testimony given at a plea hearing." Id. at (¶ 17). This is because "[s]tatements made under oath in open court have a strong presumption of truthfulness." Jackson v. State, 872 So.2d 708, 711 (¶ 11) (Miss.Ct.App.2004). Since Ryals is merely seeking to contradict the testimony that was given during his plea hearing, we find no error.
III. WHETHER THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 14. Ryals argues that he received ineffective assistance of counsel because his attorneys failed to adequately review the State's physical evidence against him. Ryals also argues that his attorneys told him to plead guilty in order to avoid the death penalty.
¶ 15. In analyzing this issue, we apply the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires us to answer two questions. First, whether counsel's overall performance was deficient. Id. at 687, 104 S.Ct. 2052. Second, whether or not the deficient performance, if any, prejudiced the defense. Id. The burden of proof falls on Ryals to prove both prongs and counsel's performance should be measured by a totality of the circumstances. Smith, 845 So.2d at 731(¶ 2). Finally, "there is a strong, yet rebuttable, presumption that the actions by the defense counsel were reasonable and strategic." Id.
¶ 16. The record reveals that defense counsel was present at the time of the plea hearing. Ryals stated to the judge in open court that he was satisfied with counsel's performance. In fact, there is absolutely no evidence that would support Ryals' theory that defense counsel was deficient or that defense counsel forced Ryals to plead guilty. The bare allegation that defense counsel did not want a death penalty trial is insufficient, in and of itself, to constitute a claim of ineffective assistance of counsel. Steen v. State, 868 So.2d 1038, 1040 (¶ 17) (Miss.Ct.App.2004). More importantly, there is also no evidence that the result would have been different, but for counsel's unprofessional errors. Consequently, Ryals has failed to prove either prong under Strickland. As a result, we find no error.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.