964 So.2d 638 (2007)
Roger Lee MIDDLEBROOK, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00344-COA.
Court of Appeals of Mississippi.
September 11, 2007.
*639 Roger Lee Middlebrook, appellant, pro se.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before KING, C.J., GRIFFIS AND BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. Roger Middlebrook appeals the denial of his motion for post-conviction relief. On appeal, Middlebrook alleges numerous errors, but they can be summed up into three headings: (1) the conviction was based on illegal evidence; (2) he was not afforded effective assistance of counsel; and (3) the trial court was in error when it summarily denied Middlebrook's motion without an evidentiary hearing. We find no error and affirm.

FACTS
¶ 2. On August 29, 2003, Middlebrook was indicted for the sale of cocaine to an informant. He entered a plea of guilty to the charge, which following a plea hearing, the trial court accepted. The trial court then sentenced Middlebrook to fifteen years imprisonment with five years to serve and ten years suspended.
¶ 3. On December 14, 2004, Middlebrook filed a motion for post-conviction relief in Forrest County. The trial court, after reviewing the motion, summarily denied it. Middlebrook now appeals.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
I. Whether the evidence upon which the conviction is based was illegally acquired.
¶ 5. Middlebrook argues that the conviction was based on two faulty pieces of evidence. The first piece of evidence that he challenges is that the video recording of the sale of cocaine was illegally obtained. He also alleges that the informant provided inaccurate information.
¶ 6. While these allegations may have been valid concerns during a trial, they are of no consequence as Middlebrook *640 pled guilty. As the State aptly points out, the guilty plea constituted a waiver of those issues. Anderson v. State, 577 So.2d 390, 391 (Miss.1991). Further, this Court dealt with a similar allegation in Smith v. State, 845 So.2d 730, 732(¶ 5) (Miss.Ct.App. 2003). Smith alleged that he had been illegally searched in violation of his Fourth Amendment right. This Court held that the guilty plea constituted a waiver of similar specific constitutional rights. Id. Likewise, we now hold that Middlebrook waived any challenges to the video recording of the transaction or any discrepancies from the information provided by the informant. Therefore, we find that this allegation of error is without merit.
II. Whether Middlebrook was afforded effective assistance of counsel.
¶ 7. Middlebrook argues that his counsel was ineffective for advising him to plead guilty and for failure to further investigate the background of the criminal informant.
¶ 8. To prevail on a claim of ineffective assistance of counsel, Middlebrook must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Middlebrook, and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Carney v. State, 525 So.2d 776, 780 (Miss. 1988). However, a presumption exists that the attorney's conduct was adequate. Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001).
¶ 9. As to the allegation that Middlebrook's counsel was ineffective for advising him to plead guilty after viewing the videotape, it is without merit. Counsel has "a duty to fairly, even if that means pessimistically, inform the client of the likely outcome of a trial based upon the facts of the case." Daughtery v. State, 847 So.2d 284, 287(¶ 6) (Miss.Ct.App.2003). If the attorney believes that it is in his client's best interest to plead guilty, it is his duty to inform him of that fact. Id. (citing Polk County v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). Middlebrook has failed to demonstrate how counsel's advice, which counsel thought was in Middlebrook's best interest, was deficient. By giving such advice, counsel fulfilled his duty as required under Daughtery.
¶ 10. As to the allegation for failure to investigate the background of the criminal informant, it is likewise without merit. For failure to investigate to arise to the level of ineffective assistance of counsel, the defendant must state with particularity what the investigation would have revealed and how it would have altered the outcome. Triplett v. State, 840 So.2d 727, 731(¶ 11) (Miss.Ct.App.2002). While Middlebrook states that a background check on the criminal informant would have revealed that he was a prior felon, he fails to explain how such information would have changed the outcome. The evidence against him was still strong since the videotape of Middlebrook selling cocaine still existed and the criminal informant could have potentially testified at trial. Since the outcome would not have changed, the charge of failure to investigate did not rise to the level of ineffective assistance of counsel.
¶ 11. Therefore, we find that Middlebrook was afforded effective assistance of counsel and this issue is without merit.
III. Whether the trial court was in error when it summarily denied Middlebrook's motion without an evidentiary hearing.
¶ 12. Next, Middlebrook argues that the trial court should have granted *641 an evidentiary hearing on his motion for post-conviction relief. The supreme court has held, "a post-conviction collateral relief petition which meets basic requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief." Marshall v. State, 680 So.2d 794, 794 (Miss.1996) (citing Alexander v. State, 605 So.2d 1170, 1173 (Miss. 1992)). Here, Middlebrook alleged no set of facts in his motion that would entitle him to relief.
¶ 13. Therefore, the trial court was not in error when it dismissed his motion without an evidentiary hearing.
¶ 14. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.