987 So.2d 501 (2008)
Alex Durode JOHNSON III, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01649-COA.
Court of Appeals of Mississippi.
July 29, 2008.
Alex Durode Johnson III, (Pro Se), appellant.
Office of the Attorney General by Stephanie Breland Wood, attorney for appellee.
Before LEE, P.J., CHANDLER and GRIFFIS, JJ.
*502 GRIFFIS, J., for the Court.
¶ 1. Alex Durode Johnson III appeals the denial of his motion for post-conviction collateral relief. Johnson asserts that: (1) the circuit court failed to inform him of his constitutional right to avoid self-incrimination, (2) the circuit court erred by allowing him to plead guilty to the lesser-included offense of possession of cocaine, (3) he received ineffective assistance of counsel, and (4) he should be granted relief based on the cumulative errors committed at the plea hearing. We find no error and affirm.

FACTS
¶ 2. Johnson was indicted for possession of cocaine with intent to sell, barter, transfer or deliver the same to another pursuant to Mississippi Code Annotated section 41-29-139 (Rev.2005). He appeared before the circuit judge and entered a guilty plea to the lesser-included offense of possession of cocaine. Johnson was sentenced to twelve years in the custody of the Mississippi Department of Corrections, with eight years to serve and four years suspended pursuant to compliance with four years of post-release supervision.
¶ 3. Johnson filed a motion for post-conviction collateral relief, which was denied by the circuit court. It is from this judgment that Johnson now appeals.

STANDARD OF REVIEW
¶ 4. A circuit court's denial of post-conviction collateral relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS

1. Whether the circuit court erred by failing to inform Johnson of his constitutional right to avoid self-incrimination.
¶ 5. Johnson claims that his guilty plea was not voluntarily and intelligently entered because he was never advised of his right to avoid self-incrimination. The State responds that Johnson was informed of this right as evidenced by Johnson's signed plea petition and his testimony at the plea hearing.
¶ 6. Rule 8.04(A)(4)(c) of the Uniform Rules of Circuit and County Court requires the "trial court to address the defendant personally and to inquire and determine ... [t]hat the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination." Contrary to Johnson's argument, the record shows that Johnson was informed that his guilty plea would waive these rights.
¶ 7. Johnson signed and presented to the circuit court a petition to enter a plea of guilty. The petition states, in part:
By pleading guilty to the charge(s) against me, I give up the following rights guaranteed to me by the Constitution of the United States of America and by the Constitution of the State of Mississippi:
....
(f) the right to testify or not testify and thereby incriminate myself, at my sole option and, if I do not testify, the jury will be instructed that this should not be held against me.
Also, at the plea hearing, the circuit judge specifically asked Johnson if he understood everything in the plea petition, and Johnson replied, "Yes, sir." Further, the circuit *503 judge informed Johnson of his rights at trial, including his "right to testify or the right not to testify." The circuit judge continued by stating that "If you decide not to testify, then I would instruct the jury that they could draw no inference of guilt by the fact that you did not testify." Johnson indicated that he understood those rights and also that he understood he was waiving those rights by entering a guilty plea.
¶ 8. Johnson's argument that his guilty plea was not voluntarily entered because he was not informed of his right to avoid self-incrimination is contradicted by the record before us. Accordingly, this issue has no merit.

2. Whether the circuit court erred by allowing Johnson to plead guilty to the lesser-included offense of possession of cocaine.
¶ 9. Johnson argues that the circuit court erred when it accepted Johnson's guilty plea to the lesser-included offense of possession of cocaine. Specifically, he says the circuit court allowed the State "to convict [him] of possession of cocaine[,] a[n] offense for which [he] was never indicted."
¶ 10. However, as the State argues, a defendant may be convicted of an "`inferior offense ... necessarily included within the more serious offense' charged in the indictment." Booze v. State, 964 So.2d 1218, 1222(¶ 17) (Miss.Ct.App.2007) (quoting Odom v. State, 767 So.2d 242, 246(¶ 11) (Miss.Ct.App.2000)). Here, Johnson was charged with possession of cocaine with intent to sell, but he pleaded guilty to simple possession of cocaine. This Court has held that "[p]ossession of a controlled substance is a lesser-included-offense of possession of a controlled substance with the intent to distribute." Torrey v. State, 816 So.2d 452, 454(¶ 3) (Miss.Ct.App.2002) (citing Hicks v. State, 580 So.2d 1302, 1306 (Miss.1991)).
¶ 11. Thus, the circuit court did not err by accepting Johnson's voluntary decision to plead guilty to the lesser-included offense. This issue has no merit.

3. Whether Johnson received ineffective assistance of counsel.
¶ 12. Johnson also contends that he received ineffective assistance of counsel at the plea hearing. To support this claim, he asserts that his attorney failed to: (1) inform him of the elements of the crime and possible defenses, (2) conduct an investigation and interviews, and (3) bring the intimidation complaint to the circuit court's attention.
¶ 13. To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant to demonstrate both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995).

a. Failure to Inform Johnson of the Elements of the Crime and Possible Defenses
¶ 14. Johnson provides no more that his own statement to establish that his counsel failed to inform him of the elements of the *504 crime and possible defenses. In fact, this argument is completely contrary to Johnson's sworn testimony at the plea hearing:
Q: And have you and your lawyer talked about the facts of the case?
A: Yes, sir.
Q: Has he explained to you and do you fully understand the nature of the charges against you?
A: Yes, sir.
Q: And have you discussed the way that you would defend yourself in the trial?
A: Yes, sir.
Q: And are you satisfied with the assistance given to you by Mr. Kelly [Johnson's lawyer]?
A: Yes, sir.
Q: And after you and Mr. Kelly have discussed the case, is it your own decision to enter the plea of guilty?
A: Yes, sir.
Johnson has shown no deficiency in counsel's representation and, thus, no resulting prejudice to his defense.

b. Failure to Conduct an Investigation
¶ 15. First, Johnson contends that his attorney failed to conduct an investigation because his attorney did not interview the five witnesses to the incident. He claims that "when counsel failed to interview these exculpatory witnesses, counsel['s] investigation fell short of what a reasonably competent attorney would have done." This Court has held that in order "[f]or failure to investigate to [rise] to the level of ineffective assistance of counsel, the defendant must state with particularity what the investigation would have revealed and how it would have altered the outcome." Middlebrook v. State, 964 So.2d 638, 640 (Miss.Ct.App.2007) (¶ 10) (citing Triplett v. State, 840 So.2d 727, 731(¶ 11) (Miss.Ct.App.2002)).
¶ 16. We note that while Johnson attached affidavits from each of these witnesses to his motion for post-conviction collateral relief, he provides merely his own statement to prove that his counsel did not interview these witnesses. Even so, the testimony contained in the affidavits does not show any evidence that would prove that Johnson did not commit the crime charged; therefore, Johnson fails to show how counsel's deficiency in not interviewing these witnesses resulted in any prejudice or how the witnesses' testimony would have altered the outcome.
¶ 17. Second, Johnson claims that counsel failed to investigate the case because he did not call DeAndre Gaston as a favorable witness at the plea hearing. In his motion for post-conviction collateral relief and at the plea hearing, Johnson argued that Gaston's testimony would make him a "free man"; thus, his counsel's performance was deficient because Gaston was not called to testify on Johnson's behalf. However, Johnson acknowledges, in his motion, that his counsel advised him that Gaston's testimony had no merit. Further, during the plea hearing, Johnson's counsel stated that he had interviewed Gaston, and while Gaston's testimony might help Johnson, it certainly would not make him a free man. Again, Johnson fails to prove that his attorney's decision not to call Gaston was deficient, or that Gaston's testimony would have changed the outcome of the case.
¶ 18. Third, Johnson claims that his counsel failed to investigate the police files and did not notice that the statements made by the two police officers were conflicting statements. Both statements clearly noted that Johnson was in possession of a brown bag containing cocaine. The differences referenced by Johnson do not refer to the elements of the crime; thus, Johnson has not shown how he was *505 prejudiced by counsel's failure to notice the differences. Johnson has not shown that his counsel's failure to investigate, if any, resulted in prejudice to his defense.

c. Failure to Bring the Intimidation Complaint to the Circuit Court's Attention
¶ 19. Johnson argues that his counsel was aware that the State had threatened Gaston in an effort to keep him from testifying on Johnson's behalf. Johnson further states that "[c]ounsel was aware that [Johnson] was being coerced into making the plea," but his counsel failed to bring this matter to the circuit court's attention. However, the record shows that the circuit judge was made aware of this issue.
¶ 20. During the plea hearing, Johnson told the circuit judge that the State had threatened to charge Gaston if he testified in Johnson's case. The circuit judge responded that he did not think prosecuting someone for a different crime had anything to do with Johnson's guilty plea or was in violation of any law or court rule. Johnson's counsel then clarified the situation on the record:
DeAndre Gaston is a relative of the sheriff. I think a cousin or nephew. At any rate, I've interviewed DeAndre Gaston before this day, about a week ago, in my office, and he gave me a statement. I wrote down what he said. Now, what he said at that time was not something that would free my client, as he said. That's  he was going to say that he saw my client throw a bag with a beer bottle in the trash can, which would help him, but wouldn't free him. Now, as I understand it today, he has told my client and my client has told me that DeAndre Gaston has told him that he was willing to testify today that it was somebody else's dope. Now, whether he's been called over to the sheriff's office and talked to  he said he had, but I don't know that. I'm not sure. But I just want to point out to the Court, and my client knows this to be true because he was there also, when this guy gave me a statement originally, it wasn't anything that would free my client. It would have assisted him but not free him.
Thereafter, Johnson told the circuit judge that he fully understood his rights and that he decided to voluntarily waive those rights and enter a guilty plea. Johnson had the opportunity to tell the circuit judge that he felt he was being coerced, but did not do so. Instead, he stated under oath that it was his voluntary decision to enter a guilty plea. It is clear that Johnson's counsel informed both the circuit judge and Johnson that he had interviewed Gaston and determined that his testimony did not prove that Johnson was innocent of the crime charged. Johnson's counsel was merely fulfilling his "duty to fairly, even if that means pessimistically, inform the client of the likely outcome of a trial based upon the facts of the case." Middlebrook, 964 So.2d at 640(¶ 9) (quoting Daughtery v. State, 847 So.2d 284, 287(¶ 6) (Miss.Ct.App.2003)). Johnson fails to show any deficiency on the part of his counsel as to this allegation of error.
¶ 21. Johnson's allegations of ineffective assistance of counsel are contradicted by the record. His signed plea petition states the following: "I am satisfied with the services of my attorney, and believe my attorney has acted in my best interest in my case." He has not shown that deficiencies on the part of his counsel, if any, prejudiced his defense or would have resulted in a different outcome. Therefore, his ineffective assistance of counsel argument is without merit.

4. Whether Johnson is entitled to relief based on the cumulative errors committed at the plea hearing.
*506 ¶ 22. Finally, Johnson argues that this Court should grant his requested relief based on the cumulative errors committed at the plea hearing. However, we have found all of Johnson's assignments of error to be without merit. "As there was no reversible error in any part, so there is no reversible error to the whole." McFee v. State, 511 So.2d 130, 136 (Miss.1987). Accordingly, this issue is also without merit.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.