KING, C.J.,
 

 for the Court:
 

 ¶ 1. On July 23, 2008, Ricky Ryals filed a pro se motion to vacate and set aside his conviction of capital murder and sentence. The Forrest County Circuit Court summarily dismissed Ryals’s motion as a successive writ and as time-barred. Aggrieved, Ryals appeals. On appeal, Ryals raises the following issues: (1) whether the trial court erred in summarily dismissing
 
 *975
 
 the motion for post-conviction relief; (2) whether the trial court erred in holding that the motion to amend Ryals’s pleadings asserting that Mississippi Code Annotated sections 97-8-21 (Rev.2006), 99-19-101 (Rev.2007), and 47-7-8 (Supp.2009) are inconsistent and void subjecting Ryals to an unconstitutional sentence, was barred by Mississippi Code Annotated sections 99-39-5 (Supp.2009) and 99-39-27(9) (Supp.2009); (3) whether the trial court erred in dismissing the motion for post-conviction relief under the erroneous standard of clear and convincing evidence; (4) whether the trial court erred in dismissing the motion for post-conviction relief holding that Ryals’s guilty plea was knowing, intelligent, and voluntary; (5) whether Ryals was denied effective assistance of counsel during the guilty-plea process, and (6) whether the trial court erred in limiting the appellate record to those pleadings and orders necessary for review of the court’s dismissal of Ryals’s motion for post-conviction relief. Finding no error, we affirm the judgment of the trial court.
 

 FACTS
 

 ¶ 2. On December 2, 1997, Ryals was indicted for capital murder and manslaughter for killing his wife, Judy Ryals, and her unborn child during the commission of a robbery. On June 30, 1998, Ryals pled guilty to capital murder. The manslaughter charge was dismissed and the State waived the death penalty. Thereafter, Ryals was sentenced to life in the custody of the Mississippi Department of Corrections without the possibility of parole.
 

 ¶ 3. On June 25, 2001, Ryals filed his first motion for post-conviction relief. The trial court denied relief on January 18, 2003. This Court affirmed the trial court’s denial of post-conviction relief on September 7, 2004.
 
 Ryals v. State,
 
 881 So.2d 933 (Miss.Ct.App.2004). On July 23, 2008, Ryals filed a second motion to vacate and set aside his conviction and sentence. On May 1, 2009, the trial court dismissed his motion for post-conviction relief. On May 27, 2009, Ryals timely appealed.
 

 STANDARD OF REVIEW
 

 ¶ 4. When the appellate court reviews a trial court’s dismissal of a motion for post-conviction relief it will not disturb that decision unless the trial court’s factual findings are clearly erroneous.
 
 Phillips v. State,
 
 25 So.3d 404, 406 (¶ 4) (Miss.Ct.App.2010). “However, where questions of law are raised the applicable standard of review is de novo.”
 
 Callins v. State,
 
 975 So.2d 219, 222 (¶ 8) (Miss.2008).
 

 DISCUSSION
 

 ¶ 5. Ryals raises six issues on appeal; however, the threshold question before this Court is whether the trial court erred in summarily dismissing Ryals’s motion for post-conviction relief. We find that the trial court did not err in summarily dismissing Ryals’s motion for post-conviction relief.
 

 ¶ 6. The record indicates that Ryals filed his first motion for post-conviction relief in 2001. In his first motion for post-conviction relief, Ryals alleged that the evidence was insufficient to convict him, his guilty plea was not voluntarily and intelligently entered, and he received ineffective assistance from counsel.
 
 Ryals,
 
 881 So.2d at 934. Accordingly, we find that Ryals’s motion for post-conviction relief presently before the Court is barred as a successive writ as Ryals’s previous motion for post-conviction relief raised these same arguments. In addition, these arguments do not fall within the purview of the excep
 
 *976
 
 tions to the successive-writ bar. Miss. Code Ann. § 99-39-23(6) (Supp.2009)
 
 [1]
 

 ¶ 7. In addition, Ryals raises three issues in his second motion for post-conviction relief that were not raised in his first motion for post-conviction relief. In his second motion, Ryals also alleges that the trial court erred in holding that Ryals’s motion to amend was barred by Mississippi Code Annotated sections 99-39-5 and 99-39-27(9) because: (1) Mississippi Code Annotated sections 97-3-21, 99-19-101, and 47-7-3 are inconsistent and subject him to an unconstitutional sentence; (2) the trial court applied the wrong standard of proof, clear and convincing evidence, in dismissing his motion for post-conviction relief; and (3) the trial court erred in limiting the appellate record to those pleadings and orders necessary for review by the appellate court. According to Mississippi Code Annotated section 99-39-5(1), the grounds for granting post-conviction relief are stated as follows:
 

 (a)That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
 

 (b) That the trial court was without jurisdiction to impose sentence;
 

 (c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;
 

 (d) That the sentence exceeds the maximum authorized by law;
 

 (e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
 

 (f) That there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner’s conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
 

 
 *977
 
 (g) That his plea was made involuntarily;
 

 (h) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;
 

 (i) That he is entitled to an out-of-time appeal; or
 

 (j) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.
 

 ¶ 8. Furthermore, “[pjost-conviction relief is not granted upon facts and issues which could or should have been litigated at trial or on appeal.”
 
 Williams v. State,
 
 669 So.2d 44, 52 (Miss.1996). Because the three new issues do not fall within the purview of the grounds for post-conviction relief, and they could have been raised in Ryals’s first motion for post-conviction relief, we find that Ryals is procedurally barred from raising them now. Therefore, we affirm the judgment of the trial court dismissing Ryals’s motion for post-conviction relief because it is both time-barred and successive-writ barred.
 

 ¶ 9. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . Mississippi Code Annotated section 99-39-23(6) states that:
 

 The order as provided in subsection (5) of this section or any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article. Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the convict's supervening mental illness before the execution of a sentence of death. A dismissal or denial of a motion relating to mental illness under Section 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are those cases in which the petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology-