# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00072-COA

**LAMONTAY MARSH A/K/A LAMONTAY D.**                    **APPELLANT**
**MARSH A/K/A LAMONTAY D'SHAWN MARSH**
**A/K/A MOE**

**v.**

**STATE OF MISSISSIPPI**                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/05/2016 |
| TRIAL JUDGE: | HON. JUSTIN MILLER COBB |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAMONTAY MARSH (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| | JASON L. DAVIS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION COLLATERAL RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 02/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     This is an appeal from Lauderdale County Circuit Court where LaMontay Marsh moved for post-conviction collateral relief (PCR), which was denied. On appeal, Marsh asserts that the circuit court erred because (1) his indictment contained the word "unlawfully" instead of "without authority of law"; (2) he is actually innocent; and (3) his trial counsel's assistance was ineffective. Because (1) the term "unlawfully" is synonymous and interchangeable with the phrase "without authority of law"; (2) Marsh failed to demonstrate

that it is more likely than not that no reasonable juror would convict him; and (3) we fail to

see that the assistance of Marsh's counsel was ineffective, we affirm the circuit court's denial

of Marsh's motion for PCR.

## FACTS AND PROCEDURAL BACKGROUND

¶2.     On March 21, 2012, Marsh was indicted for capital murder for the killing of Thomas

Eugene Tedeschi while engaged in the commission of the felony crime of armed robbery, in

violation of Mississippi Code Annotated section 97-3-19(2)(e) (Rev. 2006). On November

29, 2012, Marsh entered a guilty plea[1] and, per the recommendation of a plea agreement with

the district attorney's office, was adjudged guilty of noncapital murder and sentenced to serve

a term of life imprisonment in the custody of the Mississippi Department of Corrections *with*

the possibility of parole.

¶3.     On July 23, 2015, Marsh moved for PCR. On January 5, 2016, the Lauderdale County

Circuit Court denied Marsh's motion for PCR. On January 22, 2016, Marsh appealed the

circuit court's decision to this Court.

## DISCUSSION

¶4.     On appeal, Marsh asserts three errors: (1) his indictment did not contain the words

"without the authority of law"; (2) he is actually innocent; and (3) his trial counsel's

assistance was ineffective.

¶5.     We review the denial of PCR for clear error; however, questions of law are reviewed

---

[1] Marsh entered an *Alford* plea. An *Alford* plea is a plea where the defendant enters a guilty plea but maintains his innocence in accord with *North Carolina v. Alford*, 400 U.S. 25 (1970).

de novo. *Ryals v. State*, 51 So. 3d 974, 975 (¶4) (Miss. App. Ct. 2010).

### I. Marsh's Indictment

¶6. Because Marsh's indictment did not include the phrase "without authority of law," Marsh asserts (1) his indictment is defective, and (2) the grand jury, trial court, district attorney, and his trial counsel committed plain error.

¶7. Marsh was indicted for capital murder in violation of Mississippi Code Annotated section 97-3-19(2)(e), which states that "[t]he killing of a human being *without the authority of law* by any means or in any manner shall be capital murder in the following cases: . . . when done with or without any design to effect death, by any person engaged in the commission of the crime of . . . robbery . . . or in any attempt to commit such felon[y.]" (Emphasis added).

¶8. Instead of using the phrase "without authority of law," Marsh's indictment used the word "unlawfully." The Mississippi Supreme Court has held that using the word "unlawfully" in place of the phrase "without authority of law" is not error because the words are synonymous and interchangeable. *Turner v. State*, 796 So. 2d 998, 1003 (¶20) (Miss. 2001). Thus, Marsh's indictment is not defective, and there was no plain error committed by the grand jury, the trial court, the district attorney, or Marsh's trial counsel. Therefore, we find this issue is without merit.

### II. The Trial Court's Denial of an Evidentiary Hearing

¶9. Marsh asserts that the trial court erred in denying him an evidentiary hearing because he is actually innocent.

3

¶10.   To prove actual innocence, Marsh must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him of the crime charged. *Trotter v. State*, 907 So. 2d 397, 401 (¶12) (Miss. Ct. App. 2005) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "Actual innocence means factual innocence, not mere legal sufficiency." *Id*.

¶11.   In support of Marsh's claim that he is actually innocent, he submitted his own affidavit concerning the events charged in his indictment. The summarized points of Marsh's affidavit are that (1) Marsh did not shoot Tedeschi, (2) RaKeith Watson shot Tedeschi, (3) Watson's and Alexander Jenkins's statements to police that Marsh shot Tedeschi were false, (4) Marsh was not involved until after Tedeschi was shot and killed, and (5) the only reasons Marsh pleaded guilty were because his trial counsel said he could not come up with a defense and because Watson asked him to do so.

¶12.   However, Marsh's affidavit contradicts his own statement made to police. In Marsh's statement to police, he said that he was in the car when Tedeschi was shot and that the robbery happened as he was driving toward Quitman. Further, Watson and Jenkins both stated to police that Marsh shot Tedeschi. Also, according to the State's offer of proof, Marqueze Gordon also stated to police that "[Marsh] shot [Tedeschi]. They all came and told him that."

¶13.   Based on those facts we cannot say that no reasonable juror would have convicted Marsh. Thus, we find this issue is without merit.

### III.   Assistance of Marsh's Counsel

¶14. To prevail on an ineffective-assistance-of-counsel claim, one must show that (1) his counsel's performance was deficient and (2) prejudice resulted. *Jackson v. State*, 178 So. 3d 807, 812 (¶19) (Miss. Ct. App. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "It is presumed that counsel's representation falls within the range of reasonable professional assistance." *Id*. at (¶20) (citing *Strickland*, 466 U.S. at 689). To overcome the presumption, one must show that there is a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *Id*.

¶15. On appeal, Marsh asserts his trial counsel was ineffective when he purportedly (1) gave Marsh false information by telling him that he would be eligible for parole, (2) failed to conduct a pretrial investigation, and (3) failed to put forth a defense.

¶16. At his plea hearing, the trial judge asked Marsh if he understood that anything his trial counsel told him about sentencing was only his opinion and that his trial counsel's stating what sentence he thought Marsh would get was not binding, to which Marsh indicated that he understood. Marsh also stated that his trial counsel did discuss any possible legal defenses with him. When Marsh's trial counsel was asked if Marsh had any legal defenses, he stated that he did not. Further, Marsh indicated in his written and signed plea petition as well as verbally at his plea hearing that he felt his trial counsel was competent and adequately represented him. Even further, Marsh was sentenced to life *with* the possibility of parole, and Marsh's felony armed-robbery charge was dismissed.

¶17. Based on our review of the record, there is nothing to suggest that Marsh's counsel failed to conduct a pretrial investigation or that his counsel's alleged failure to do so

5

prejudiced Marsh. As indicated from the record, Marsh's trial counsel negotiated Marsh's plea and, as a result of the negotiation, Marsh was adjudged guilty of noncapital murder, allowing him the possibility of parole—as opposed to being adjudged guilty of capital murder and not being afforded the possibility of parole—in exchange for his plea. Further, the record reflects that Marsh was sentenced to life imprisonment *with* the possibility of parole. Thus, we find that Marsh fails to show that his counsel's assistance was ineffective. Thus, this issue is without merit.

## CONCLUSION

¶18.   We affirm the decision of the Lauderdale County Circuit Court denying post-conviction relief.

¶19.   **THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR.**